NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1109

PHILLIPS STREET GREENFIELD REALTY, LLC

vs.

JENNIE KIMPLIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a hearing, a judge of the Housing Court entered an order for judgment for possession and issuance of execution in favor of the landlord, Phillips Street Greenfield Realty, LLC (Phillips Street).  On appeal, the tenant, Jennie Kimplin, argues that the Housing Court judge erred by failing to acknowledge and enforce a provision of a contractual agreement between the parties.  We affirm.

Background.  In February 2023, the landlord issued a no-fault notice to quit, which was delivered in hand by the sheriff to the tenant the following day.  The notice stated that the tenancy would terminate on April 1, 2023.  On May 8, 2023, the landlord commenced a summary process action in the Housing

Court, alleging that the tenant held over past the termination date.

In July 2023, the parties entered into an agreement in which the tenant agreed to vacate the apartment and remove all her possessions on or before April 1, 2024.  In addition, the agreement provided, in relevant part, that:  "Should the Tenant fail to vacate in accordance with this Agreement, she reserves her right to request a Stay from the Court; the Landlord reserves their right to contest such a request."

The tenant failed to vacate the apartment by April 1, 2024, and on April 2, 2024, the landlord moved for entry of judgment. Following a hearing, a Housing Court judge (first judge) granted the tenant an extension of time to vacate the apartment, contingent on her continuing to pay her monthly use and occupancy fees and to diligently search for housing.  The first judge scheduled a further hearing on the landlord's motion for entry of judgment and the tenant's request for additional time for June 14, 2024.

A different Housing Court judge presided over the June 2024 hearing (second judge).  At the hearing, the tenant's counsel asserted that the tenant reserved the right to request a stay under the terms of the agreement and that, by statute, the second judge could extend the stay for ten more months.  While

2

the second judge acknowledged the tenant's right to request a stay, he rejected her request, explaining that the statutory one-year stay period had run from the end of the tenancy on April 1, 2023. The judge entered a judgment for possession in favor of the landlord and ordered that execution shall issue.

Discussion. The tenant contends that the second judge failed to honor her rights pursuant to the agreement and improperly enforced the terms of the agreement by granting a judgment for possession in favor of the landlord. We disagree.

The tenant argues that the second judge did not enforce the unambiguous terms of the contract because he did not ask the landlord if it would extend the stay. The tenant asserted her right to request a stay by doing so at the hearing, and the second judge acknowledged that right. The second judge noted that, while the tenant reserved the right to request a stay under the agreement, the landlord likewise reserved the right to contest such a request. The landlord opposed the stay. Nothing in the agreement required, as the tenant suggests, that the second judge inquire of the landlord whether it would consent to a stay. The judge was not obligated to grant a stay under the

3

agreement; he only needed to consider the tenant's request for a stay, which he did.  We discern no error.[1]

Judgment affirmed.

By the Court (Henry, Hand & Allen, JJ.[2]),

*Paul Little*

Clerk

Entered:  February 5, 2026.

---

[1] At the June 14, 2024, hearing, the tenant's counsel requested that the stay of judgment and execution be extended for an additional ten months.  Had the second judge granted this extension, the stay would have expired on April 14, 2025, over nine months ago.  The tenant's timely notice of appeal has stayed execution on the Housing Court judgment for a longer period, however; pending the resolution of her appeal.  See Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 835-836 (2019).  See also Mass. R. Civ. P. 62 (d), 365 Mass. 829 (1974) ("the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal").  Because the tenant has now achieved more than the outcome she sought in her motion for a stay, our ruling on the merits would have no effect.  See Malloy v. Department of Correction, 487 Mass. 482, 491 (2021) ("Because the plaintiffs in this case have achieved the outcome that they sought in their complaint, the dispute between the parties is now moot").  Thus, even if the tenant were correct in her interpretation of the parties' contract, her appeal would be moot.

[2] The panelists are listed in order of seniority.